UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08-cr-00135-TWP-MJD-01 |
| ) | |
| JOHN BRICE GREEN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On February 21, 2024, the parties appeared for a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 21, 2024. [Dkt. 39.] Defendant appeared in person and by FCD counsel Samuel Ansell. Government represented by AUSA Lindsay Karwoski. USPO represented by Katherine Lindley.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

   1.    The Court advised Defendant Green of his rights and ensured he had a copy of the Petition. Defendant orally waived his right to a preliminary hearing.

   2.    After being placed under oath, Defendant Green admitted violation nos. 1, 2, and 3 as set forth in the Petition.

   3.    The allegations to which Defendant admitted, as fully set forth in the Petition [Dkt. 39], are:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

During the month of February 2024, Mr. Green was observed at an unreported address on multiple occasions. A search of the residence was conducted on February 21, 2024, with evidence of him having been established at this location for at least one year. He was present at the residence at the time of the search.

| | |
|---|---|
| 2 | **"The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact then this condition is not intended to prevent approval of the contact."** |

Mr. Green was located at an unapproved residence on February 21, 2024. During a search of that residence, two minor children were present, who reside at the residence. The minors' mother, Ms. Wright, stated Mr. Green has been staying at this residence full-time since at least July 2023. She also confirmed Mr. Green has had unsupervised contact with both minor children, including transporting them in a vehicle.

| | |
|---|---|
| 3 | **"As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement."** |

Mr. Green failed to notify U.S. Probation of his involvement with Ms. Wright, which put him at risk of having contact with her children. Mr. Green did not disclose his conviction or supervision status to Ms. Wright. Both failures to communicate his status, or involvement, prevented U.S. Probation and Ms. Wright from having appropriate third party risk Conversations.

4. The Court finds that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months imprisonment.

5. The government recommended a sentence of two years incarceration with lifetime supervised release to follow. Defendant argued in favor of a sentence within the guideline range.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in in violation nos. 1, 2, and 3 of the Petition, and recommends that Defendant be sentenced to the custody of the Attorney General or his designee for a period of nine (9) months with lifetime supervised release to follow.

In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the Federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with

      persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm you compliance with this requirement.

12. You shall make a good faith effort to follow the instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

13. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

14. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

15. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

16. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the Court.

17. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

18. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

19. You shall not engage in any meeting, communications, activities, or visits with the victims of the instant offense.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

21. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer

22. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

23. You shall consent, at the discretion of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

24. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: sexual disorder assessment/treatment/physiological treatment, mental health treatment, computer monitoring, and polygraph examinations. The probation officer shall determine your ability to pay and any schedule of payment.

25. All employment shall be approved in advance by the probation officer

26. You shall register as a sex offender with appropriate authorities of any state in which you reside, are employed, or attend school.

27. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

In addition to the conditions of supervision set forth above, the Magistrate Judge further recommends that Defendant's conditions of supervised release [Dkt. 39 at 1-3] include the following requirement:

28. You shall submit to GPS location monitoring as directed by the probation officer and shall comply with all of the program requirements and instructions provided.

Defendant waived reading of condition nos. 1 through 27 above on the record. Condition no. 28 was read to Defendant on the record.

The Defendant is to remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

Dated: 22 FEB 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system